## No. 14,036.

MELLOR ET AL. *v.* BENNET ET AL.
(70 P. [2d] 356)

Decided June 21, 1937.   Rehearing denied July 12, 1937.

Messrs. FOARD BROTHERS, Messrs. SHERWIN & HUNGER-FORD, Mr. ROBERT H. LAGRANGE, for plaintiffs in error.

Mr. DAVID P. STRICKLER, Mr. THOMAS M. BURGESS, Messrs. STRACHAN & HORN, Mr. HORACE N. HAWKINS, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS case involves the construction of the will of Helen Waterman Curtis, whose estate is still in process of administration in the county court of El Paso county.

The will provided, among other things, as follows:

"I. I direct my Executor to pay my just debts and funeral expenses as promptly as possible after my death.

"II. I give and bequeath my personal effects, including clothing, jewels, silverware, furniture and books to my Executor, the First National Bank of Colorado Springs, Colorado Springs, Colorado, to be disposed of and distributed according to written instructions addressed to it and filed with my will.

"III. *Of the remainder* of my Estate, I give, devise and bequeath one-half (½) thereof to The First National Bank of Colorado Springs, in trust, nevertheless, for the following uses and purposes and with the following powers and instructions, to-wit:

"I direct my Trustee to keep this trust estate soundly invested and I empower it, in its discretion and without application to or order of any Court, to buy, sell, mortgage, repair and exchange any and all of said trust estate; to convert personalty into realty and realty into personalty, and generally to manage, control, convey and execute instruments of conveyance of said estate as if it

were its own property, but only for the uses and purposes of this trust.

"I direct my said Trustee to pay over quarterly the net income of said estate to my step-sisters, Lilian A. Solly and Alma D. Bennet, share and share alike, during their lifetime and to the survivor of them.

"This trust shall terminate on the death of my step-sisters, Lilian A. Solly and Alma D. Bennet, and on the termination of this trust I direct my said Trustee to turn over the whole corpus of this trust estate to The Colorado College of Colorado Springs, Colorado, for the purposes and under the conditions hereinafter provided."

\*       \*       \*       \*       \*       \*       \*       \*       \*

"V. I give, devise and bequeath to my Executor, The First National Bank of Colorado Springs, Colorado Springs, Colorado, Fifteen Thousand Dollars ($15,-000.00), in trust nevertheless, to be administered by it with all the powers hereinbefore granted to it as Trustee, for the following uses and purposes and with the following instructions, to-wit:

"I direct my Trustee to pay the net income of this fund quarterly to Alfred Stanley Curtis my stepson, during his lifetime; and after his death to pay the same to Elizabeth Curtis Swenson and Helen Curtis Swenson and to their successors, if any, as guardians of Charlotte S. Curtis (daughter of Leonard E. and Ann F. Curtis) for her support and education until she attains the age of twenty-eight (28) years, and thereafter to pay quarterly the net income of this said fund of Fifteen Thousand Dollars ($15,000.00) to Charlotte S. Curtis during her life time.

"This trust shall terminate on the death of the said Alfred Stanley Curtis and Charlotte S. Curtis, and on the termination of this trust, I direct my said Trustee to turn over to The Colorado College of Colorado Springs, Colorado, the corpus of this trust for the uses and purposes and under the conditions hereinafter set out, except

and unless the said Charlotte S. Curtis has by Will exercised the power of appointment to a child or children of her body, surviving at her death, which said power of appointment I hereby expressly grant to her as to the corpus of this trust fund of Fifteen Thousand Dollars ($15,000.00).

"Out of the remainder of my Estate, I direct my Executor.

"(1) To pay all inheritance taxes so that devisees and legatees and beneficiaries under this Will shall receive their devises, legacies and benefits in full and undiminished by any and all inheritance taxes which under the law, may be chargeable against them; and to pay the expense, if any there be, for endowment for perpetual care of Lot Forty-nine (49) in Evergreen Cemetery in Colorado Springs, Colorado.

"(2) To pay the following legacies:

"1. To Friends Central School, Inc., at 68th St. and City Line, Overbrook, Pa., Five Thousand Dollars ($5,000.00).

"2. To the Woman's Educational Society of Colorado College, Five Hundred Dollars ($500.00).

"3. To the Visiting Nurse Association of Colorado Springs, Colorado, Five Hundred Dollars ($500.00).

"4. To the Glockner Sanatorium, Colorado Springs, Colorado, Five Hundred Dollars ($500.00).

"5. To each of my domestic servants who, at the time of my death, have been employed by me for six (6) months and less than a year Fifty Dollars ($50.00); and in addition thereto, to each of said servants who have continued in my service for more than one year, Fifty Dollars ($50.00) for each year and fraction thereof of said service.

"6. To Dr. Will Howard Swan of Colorado Springs, Colorado, for his friendship and kindly care through many years, Five Thousand Dollars ($5,000.00).

"7. To my aunt, Emma B. Mellor, of Germantown, Pennsylvania, Five Thousand Dollars ($5,000.00).

"8. To my aunt, Deborah Barker Mellor of Germantown, Pennsylvania, Five Thousand Dollars ($5,000.00).

"9. To my namesake, Helen Evans Mellor, daughter of Ralph Mellor, Cummington, Massachusetts, One Thousand Dollars ($1,000.00).

"10. To Laura Gilpin, daughter of Francis Gilpin of Colorado Springs, Colorado, One Thousand Dollars ($1,000.00).

"11. To Ethel C. Torrance, at present a resident of Colorado Springs, Colorado, the sum of One Thousand Dollars ($1,000.00).

"12. To Ann Fraser Curtis, wife of Leonard E. Curtis, Jr., Colorado Springs, Colorado, One Thousand Dollars ($1,000.00).

"13. To Covert deB. Bennet, husband of my step-sister Alma D. Bennet, One Thousand Dollars ($1,000.00).

"14. To Georgiana Hollister Wisser, widow of Brigadier General John Philip Wisser, 1956 Yosemite Avenue, Berkeley, California, Five Hundred Dollars ($500.00).

"15. To Edward Hollister Wisser, son of Brigadier General John Philip Wisser, 1956 Yosemite Avenue, Berkeley, California, Five Hundred Dollars ($500.00).

"16. To John Philip Wisser, son of Brigadier General John Philip Wisser, 1956 Yosemite Road, Berkeley, California, Five Hundred Dollars ($500.00).

"17. To Miss Clara E. Follmer (nurse) of Colorado Springs, Colorado, Five Hundred Dollars ($500.00).

"18. To Miss Martha Savage (% John Savage), Ithaca, New York, Five Hundred Dollars ($500.00).

"19. To Miss Louise H. Martin (% Miss Minnie M. Martin) 1118 Haskell Avenue, Kansas City, Kansas, Five Hundred Dollars ($500.00).

"In the event any of the aforementioned beneficiaries named in this section (2) of paragraph V of this my Last Will and Testament (whether the said beneficiaries be organizations, corporations or individuals) shall not be in existence at the time of my death, then I direct that

the share of the beneficiary not in existence at the time of my death shall lapse and shall become a part of the residuum of my estate and shall be distributed in accordance with the next paragraph of my Will governing the disposition of the residuum.

"I earnestly desire, request and direct my Executor to pay the legacies to Dr. Will Howard Swan, Emma B. Mellor and Deborah Barker Mellor immediately after my death; and I also direct that the income from the Trusts created for the benefit of Lilian A. Solly, Alma D. Bennet, Mary G. Curtis and Alfred Stanley Curtis shall accrue from the date of my death and be payable during the administration of my estate, as well as after administration has been completed.

(3) All of the rest, residue and remainder of my Estate, of whatsoever nature and kind and wheresoever situate, not otherwise disposed of, including any power of appointment (and this shall be deemed to be the exercise of such power of appointment), I hereby give, devise and bequeath in equal shares to the following named persons or to the survivors to-wit:

"Lucy Davis )
Charles H. Davis ) being children of Henry C. Davis.
Martha Davis )

"Ralph Mellor )
Walter Mellor ) being children of Alfred Mellor.

"Emma Mellor )
Smith )
Martha Mellor )
Comfort )
Gertrude Mellor ) being children of William Mellor.
Beamish )
Maybury B. Mel- )
lor )
Bancroft Mellor )

"Howard Mellor )
Norman Mellor ) being children of John B. Mellor.
Lawrence Mellor )

"Thomas Mellor )
Elizabeth Mellor )
  Bringhurst )
Hanna Mellor ) being children of George B. Mellor.
  Pennell )
George Mellor )
"Abram Barker )
  Mellor )
Anna Mellor )
  Wilson )
Margaret Mellor ) being children of Edward Mellor.
  Barrington )
Sigourney Barker )
  Mellor )
Roland F. Mellor )

"Herbert Lawton Coffin, residing at 108 East 86th St., New York, N. Y.

"Provided, However, that in the event any of the aforesaid devisees and legatees shall predecease me, leaving child or children surviving me, then I direct that said child or children, as the case may be, shall take the share of its or their parent, and where there is more than one child the said children shall share equally in their parent's share; it being my intention that children of deceased beneficiaries under this paragraph of my Will shall take per stirpes and not per capita."

The balance of the will is omitted, because it is not necessary to be considered for the determination of this case.

The only question involved is: Where does the true residuum begin?

Plaintiffs in error contend that the residue of the estate begins with article III, and by reason thereof, all of the costs of administration, federal estate tax, and state inheritance tax, must be deducted before any distribution is made to the beneficiaries named in article III of the will, and those following; and that, regardless of

where the residuum of the estate begins, the cost of administration, federal estate tax, and state inheritance tax must be paid from the assets of the estate before any division or distribution is made; and that the will as a whole indicates that such was the intention of the testatrix.

The contention of the defendants in error, on the other hand, is that the true residuum of the estate begins with sub-section (3) of article V of the will, and that all costs of administration, including court costs, executor's fees, fees of attorneys for executor and federal estate taxes must be paid from the assets contained in said sub-section 3 of article V of the will, if the assets contained therein are sufficient to pay such charges.

The above contentions on the part of the respective parties were first urged in the county court of El Paso county where they were raised in the petition for final settlement. The county court determined the construction in favor of the plaintiffs in error here.

However, when the matter was appealed on the same question to the district court of El Paso county the judgment of the county court was reversed and construction resolved in favor of the contention urged by the defendants in error here.

We see no occasion to expostulate on various theories of construction urged by respective counsel in this matter, and while there may be some distinction of importance in rules which are sought to be invoked, we content ourselves with the general rule that where the intention of the testator can be reasonably learned from an examination of the entire will, that such intention must govern.

We feel that the construction urged by plaintiffs in error here is a strained one, and that the construction adopted by the district court is the more natural and reasonable; and in view of the fact that the opinion of the trial court makes a very careful and comprehensive

analysis of the whole matter, with which analysis we agree, the judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.