## No. 14,486.

ESTATE OF CURTIS.

FIRST NATIONAL BANK OF COLORADO SPRINGS, EXECUTOR
*v.* STRICKLER ET AL.
(86 P. [2d] 260·)

Decided December 27, 1938.

Messrs. HANEY & JACKSON, Mr. CHARLES J. SIMON, for plaintiff in error.

Mr. DAVID P. STRICKLER, Mr. THOMAS M. BURGESS, pro se.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This proceeding was initiated in the county court of El Paso county by petition of defendants in error, seeking an order allowing them attorney fees from estate funds for services in connection with litigation concerning the construction of the will of Helen Waterman Curtis, the executor of whose estate appears here as plaintiff in error. The petition was denied and the claim disallowed by the county court; but on appeal to the district court petitioners prevailed, and the judgment allowing the claim is now before us for review. Both parties request that the matter be determined upon application for supersedeas.

A reference to the reported decision in *Mellor v. Bennet*, 101 Colo. 43, 70 P. (2d) 356, will disclose that the litigation was instituted because of the ambiguity of the terms of the will involved, the executor requesting the court, in connection with the proceedings for settlement of the estate, to construe the will. All beneficiaries were made parties to the proceeding. Alma D. Bennet, one of the life beneficiaries, contended for a certain construction with which the county court did not agree, but which was adopted by the district court on appeal, and the judgment was affirmed by us on the review.

It may be conceded that the construction of the will insisted upon by Alma D. Bennet would result favorably to her as a beneficiary, but this concession does not detract from the fact that the litigation itself was instituted specifically for the purpose of construing the will.

Counsel for plaintiff in error say: ''How it was determined, and whether in a manner favorable to Alma D. Bennet, the client of petitioners herein, or in a manner favorable to the interests of Mellor, et al., was immaterial.''

The defendants in error, in their petition below recited, inter alia, ''the services of your petitioners were necessary to arrive at a correct interpretation of said will.'' This was a statement of ultimate fact. No pleadings were

at any time filed by the plaintiff in error, or the other parties to this proceeding, although they were granted time and afforded an opportunity to do so by the county court.

The decree of the district court recites: "The court knows that a great deal of work was done by Mr. Strickler and by Mr. Burgess. That the work of these attorneys was helpful to the court is without question. The estate or the interested parties received the benefit of these services which were not duplicated by the attorney for the estate, and the court is of the opinion and finds that charges of this nature are a proper charge and should be borne by the estate." We think the record fully justifies this conclusion.

Perhaps the best answer to executor's contention that the appearance of the petitioners in the will contest proceeding was primarily for the benefit of one beneficiary litigating with others, is the fact that none of the other beneficiaries is here resisting or criticizing the allowance of the fees herein involved, and when it admits that it has no interest "in any particular construction" it has no such appealable interest here as would justify its maintaining this litigation, because the construction of the will was the gravamen of the original action.

 "As a general rule, where a testator has expressed himself so ambiguously as to make it necessary or advisable to institute an action or suit to obtain a construction of the will, it is proper to order payment out of the estate, of the reasonable fees of attorneys of the party instituting the action or suit." 79 A. L. R. 536. This rule can with propriety be extended to include fees for services rendered at the instance of one of the beneficiaries who responds to a citation that a hearing on the proper construction of a will is to be had.

 We think the facts and circumstances here appearing bring this claim within the second classification enumerated in section 195, chapter 176, '35 C. S. A., the original act reading: "All expenses of proving the will * * *, shall compose the second class." See also *United States*

*F. & G. Co. v. People,* 44 Colo. 557, 561, 98 Pac. 828. Both county and district courts had jurisdiction over the subject matter of the litigation, and we are of the opinion that the claim was properly allowed by the latter.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.