54

No. 16,727.

ESTATE OF ROCHESTER.
CANN ET AL. *v.* RICHARDS ET AL.
(246 P. [2d] 906)

Decided July 7, 1952.    Rehearing denied July 28, 1952.

Mr. PAUL S. FRIES, for plaintiffs in error.

Messrs. SNYDER & TULLIS, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

SARAH Virginia Rochester died testate and her will was admitted to probate and record in the county court of

El Paso county, Colorado, on November 14, 1949. In the residuary clause of her will she provided:

"I give, devise and bequeath all of the rest, residue and remainder of my Estate, real, personal and mixed, of whatsoever nature and wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my decease, unto the following named persons, in the shares set opposite their names respectively, to-wit:

"To my niece, Dora Cann (daughter of Solomon Walter Chambers), whose present address is 906 Van Buren Street, Wilmington, Delaware, her heirs and assigns, forever, fifty per cent (50%)

"To my stepchild, Lilly B. Rochester (daughter of John McCleary Rochester), whose present address is Centreville, Maryland, her heirs or assigns forever, twenty per cent (20%)

"To John Rochester Richards, son of Jane Rochester Richards, his heirs or assigns forever, five per cent (5%)

"To Thomas Richards, son of Jane Rochester Richards, his heirs or assigns forever, five per cent (5%)

"To my half-niece, Beatrice Bryan, whose present address is Centreville, Maryland, if she be living at the date of my decease, six per cent (6%). If the said Beatrice Bryan is not living at the date of my decease, then and in that event, I give and bequeath to Susan Bryan, whose present address is Centreville, Maryland, her heirs and assigns forever, three per cent (3%), and to Fannie Bell Bryan, whose present address is Centreville, Maryland, her heirs and assigns forever, three per cent (3%)

"To my half-niece, Anna Chambers, whose present address is New York City, her heirs and assigns forever, six per cent (6%)

"To Anna May Adams, daughter of Sadie Wright Fallowfield, whose present address is Allentown, Pennsylvania, her heirs and assigns forever, in appreciation of

Sadie Wright Fallowfield's long-life friendship and sisterly affection, five per cent (5%)

"To Frances Wright Walls, whose present address is Centreville, Maryland, her heirs and assigns forever, in appreciation of her life-long friendship and sisterly affection, three per cent (3%)"

Lilly B. Rochester, named in the third paragraph of the residuary clause of the will, predeceased testatrix, leaving as her sole heirs Thomas W. Richards and John Rochester Richards.

A petition for the construction of this clause of the will was filed by Thomas W. Richards (also designated in the will and the record as Thomas Richards) in which he asserted that by reason of the death of Lilly B. Rochester prior to the demise of testatrix, the twenty per cent of the residium given to Lilly B. Rochester should be distributed to her heirs. After hearing, the county court entered a decree awarding said twenty per cent in equal shares to Thomas Richards and John Rochester Richards as heirs of Lilly B. Rochester. A niece and half-niece of testatrix, plaintiffs in error, bring the cause here specifying as error the rejection of certain testimony and other grounds which are summarized in specification No. 4 as follows: "The trial court committed error in its findings of fact, conclusions of law and judgment and decree entered January 25, 1951, in that they were contrary to the evidence which was before the court and the law pertaining to the construction of wills, requiring that it consider the entire instrument, and to give meaning to all the words contained therein, in order to ascertain the true intent of said testatrix."

It was stipulated on the hearing that John Rochester, father of Lilly B. Rochester, married the testatrix; that Lilly B. Rochester thus became the step-daughter of testatrix, and that when Lilly B. Rochester died she left as her sole heirs Thomas W. Richards and John Rochester Richards, children of Jane Rochester Richards, the deceased sister of said Lilly B. Rochester.

The relationship to testatrix of the other parties named in the residuary clause was stipulated by counsel and the only evidence (other than the probate record) which was offered by those opposing the petition for interpretation of the will as contended by Thomas W. Richards and John Rochester Richards, was that of Robert L. Spurgeon, an attorney, who, after stating his name, residence and profession, and testifying that he had drawn the will in question, was asked three questions, as follows: "Q. If you recall will you state whether Sarah Virginia Rochester had become incapacitated through loss of eye-sight? Q. Did the decedent, Sarah Virginia Rochester ever indicate to you that she had an understanding that certain legacies and devisees had lapsed? Q. Did Sarah Virginia Rochester, the testatrix, ever call on you in respect to changing her will or re-writing it." To each of these questions objections were interposed and by the court sustained.

Here the record ends. No offer of proof was made by counsel for plaintiffs in error.

Counsel for plaintiff in error contends that these objections were erroneously sustained. We cannot agree. Irrespective of the answers to any of these interrogatories, nothing could be disclosed to show that the use of the word "or" in the will instead of the word "and" was accidental or a typographical error, as apparently contended by counsel for plaintiffs in error.

The trial judge in his findings of fact and conclusions of law said, inter alia: "In view of the fact that Lilly B. Rochester was a step-child of the deceased and that these other two heirs, John Rochester Richards and Thomas Richards, were also descendants of the same family, and nephews of Lilly B. Rochester, and the only surviving heirs of that branch of the family, that, therefore, the use of the word 'or' instead of 'and' was intentional and not accidental, and in order to give sense to the will in its entirety, it seems to the Court, and the Court so finds, that the word 'or' should be supplied in order to make

the paragraph read 'To my stepchild, Lilly B. Rochester . . . *or* her heirs or assigns forever,' thus making a provision for a substitution rather than a limitation, and making the property vest in the heirs of Lilly B. Rochester, who in this case were her nephews, John Rochester Richards and Thomas Richards."

It will be noted that in the bequests to Lilly B. Rochester, John Rochester Richards and Thomas Richards, identical language is employed, and that following the name of each legatee appear these words, "her (his) heirs *or* assigns forever." In each of the other paragraphs of the residuary clause the name of the legatee is followed by these words: "her heirs *and* assigns forever."

The trial court considered all of the provisions of the will and in so doing could arrive at only one conclusion in the light of our pronouncement in *Feeney v. Mahoney*, 121 Colo. 599, 221 P. (2d) 357. In the Feeney case the will of decedent contained a bequest to Mrs. Bridget Feeney (who predeceased testator) "for herself, her heirs, personal representatives *and* assigns forever." We held that the legacy lapsed because the use of the word "and" "is a word of limitation and not of substitution," and that in its use, the word "or" "is generally held to be a word of substitution or purchase." Mr. Justice Holland, the author of the Fenney opinion, stated the rule as follows: "Decisions are legion to the effect that wills are to be favorably construed to effectuate the testator's intent, and to, this end, words may be transposed, supplied or rejected. It is evident from the findings of the trial court that such transposition was indulged. The court, in construing the phrase, 'for herself, her heirs, personal representatives and assigns, forever' has observed the obvious, that neither the word 'and' nor 'or' was used, and by and in such construction has determined that it is more logical to assume that since the clause ends with 'and assigns,' that the word 'and' should be brought forward to substitute for the commas rather

than to bring the word 'or' into this language for no reason at all."

On page 608 of the reported opinion, he further stated: "It is well settled that the employment of the word 'and,' or if it can be logically and reasonably supplied, is a word of limitation and not of substitution and is generally so held to be. However, use of the word 'or' is generally held to be a word of substitution or purchase."

Hence the instant case is controlled by the ruling in the Feeney case, supra. Where the phrase ends with, "her heirs *and* assigns forever," the court substitutes "and" in place of the previous comma; thus creating words of limitation. But when the phrase ends with, "her heirs *or* assigns forever," the court substitutes "or" in place of the previous comma, thus creating words of substitution, for, as the author said in the Feeney case, supra, if the word "or" has been used, it would be considered "a word of substitution."

Therefore, we hold that the disputed paragraph of the residuary clause should read: "To my step-child Lilly B. Rochester * * * or her heirs or assigns forever, twenty per cent (20%)."

We find no error in the record; accordingly the decree entered by the trial court is affirmed.