No. 17,156.

IN RE ESTATE OF DEMMEL.
BENNETT, AS GUARDIAN *v.* POUDRE VALLEY
NATIONAL BANK AS EXECUTOR.
(267 P. [2d] 647)

Decided March 1, 1954.

Mr. CHESTER A. BENNETT, Mr. WM. JUSTUS WILKINSON, for plaintiff in error.

Messrs. ALLEN & STOVER, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

This is an action to recover attorneys' fees from an estate for services allegedly performed for the benefit of the estate. The claim was disallowed by the county court where the estate was pending, and on appeal, disallowed by the district court. Claimant, as petitioner, brings the cause to this court for review.

Margaret Demmel died testate June 22, 1951 at Fort Collins, Colorado. In her will she named defendant in error bank as executor and the will was presented for probate on June 25, 1951. Citation issued naming the legatees and a minor heir, John G. Demmel Porter. William Justus Wilkinson was appointed guardian ad litem for the minor child and filed a caveat July 9, 1951. August 5 following, a petition was filed in which the petitioner sought to have Margaret D. Bennett appointed guardian for said minor; the appointment followed on the same day; the guardian ad litem was discharged; and a payment to him for services in the sum of seventy-five dollars plus some costs, was authorized.

Counsel for the newly appointed guardian filed a similar caveat August 5. After hearing thereon, the county court, on August 14, ordered the will admitted to probate; denied the contention of the caveator that paragraph D of the will was uncertain, ambiguous, invalid and inoperative in that in said paragraph testatrix purported the bequeath in the uncertain future some $43,486.00 to five legatees, "if living at the time final disposition of my estate is made." It is contended that by this part of the will deceased's six sole heirs at law might be disinherited.

Upon this denial of the caveat by the county court the caveator prosecuted an appeal to the district court which upheld the contention of the caveator and ordered the matter returned to the county court for proceedings in the estate according to the judgment and decree of the

district court. The guardian had petitioned the county court for leave to employ counsel upon a contingent basis, and in granting the petition, the court entered an order which provides as follows: "Order and Decree that said Margaret D. Bennett, as Guardian of the Estate of John G. Demmel Porter, a Minor, be and she is authorized and directed to retain and employ Wm. Justus Wilkinson and Chester A. Bennett for such special purposes on a contingent basis upon and with the express understanding that the attorney fees shall be set and determined by the Court at the termination of the litigation or other times as the Court may determine, the same to be paid only out of the estate of said Minor and that guardian shall not be personally liable therefor. Done in open Court this 31st day of July, 1951."

After the matter was returned to the county court from the district court, attorneys for the caveatrix and guardian initiated this proceeding in the estate of Margaret Demmel for an order allowing reasonable attorneys' fees in the sum of $1,000 as a second class claim for necessary services of caveatrix' attorneys rendered to the Demmel Estate and the persons interested therein in the caveat proceedings which involved the proper interpretation and construction of decedent's will. The substance of the allegations of the petition was to the effect that in response to a citation to the minor to attend probate of the will of Margaret Demmel, under which the minor was an heir, the guardian ad litem, regularly appointed, filed objections to the probate of the will, alleging uncertainties and ambiguities, and that judicial construction was required by law before the will could be admitted to probate. A similar caveat was filed by the regularly appointed guardian of the minor, objecting to the probate of paragraph D of said will; that upon trial of the caveat, the executor bank, as proponent of the will, contended for a construction that would entitle said paragraph to probate; that the Demmel estate was primarily interested in the correct construction, inter-

pretation and validity of said paragraph; that deceased expressed herself therein so uncertainly and ambiguously that it was absolutely necessary to institute and prosecute proceedings to obtain a proper interpretation and construction of said will; that the costs and expenses including said claimed attorneys' fees are proper charges in connection with proving the will; that the estate received the benefit of the services of caveatrix' attorneys, which services were not duplicated; and that under all the circumstances it was absolutely necessary for the estate to have benefit of counsel, other than proponent's counsel, to prosecute and present the case for adjudication as to the proper interpretation, construction and validity of the will. On the hearing of this petition, the evidence consisted largely of documentary exhibits which disclosed the recorded facts relating to the work and services for which petitioners claim a fee against the estate were chargeable only to the estate of the minor; and further opposing on the ground that the services of the attorneys making the claim conferred no benefits upon the Margaret Demmel estate and were rendered by the attorneys solely for the estate of the minor; and finally, that the county court is the only authority that may fix fees for the attorney for petitioner. As to this last contention, our Court has said, and again reiterates, that both the county and district court had jurisdiction over the subject matter of the litigation, and that the claim could properly be allowed by the district court.

After full hearing, the trial court made the following pertinent observation: "The sole questions here to be determined are, first, the amount of attorneys' fee, if proper to be determined here, and second, against whom it should be charged, whether or not it is a second class claim against the Demmel estate." The trial court then determined that the amount of the fee claimed, if allowable, was not excessive when measured by the amount of work made necessary, and then stated that

the matter that worried the court was the fact that the authority for the appearance of the attorneys in the county court and in the district court was to be found in an order entered in the guardianship estate, which seemed to fix the manner of determining the fee, and it seemed doubtful if the district court could properly determine the fee, feeling that in the first instance it should be determined by the county court in the guardianship case. The court considered the possibility that the order concerning the fee in the guardianship estate might be interpreted as a safeguard against personal liability of the guardian, and the court then said that, "the services of present counsel herein were not given for the benefit of the Demmel estate unless it could be said that the determination that the will, or part of the will, was invalid, and that the estate, at least part of it, had to be administered as an intestate estate, thus making for certainty or legality, was a benefit, there is no benefit to the estate. Of course it brought nothing into the estate. It did, however, take out of the estate a claim of an heir at law who would not have been included if probate of the will stood. * * * In the usual sense it could not be said 'we have benefitted the estate.' The sole purpose was to get a judicial determination that the minor here involved was an heir at law, unless and until that be done, of course, the minor was not a beneficiary in any manner in this estate." The court doubted its authority to fix. a fee and concluded the appeal by dismissal of the petition.

By the decree of the district court in which it interpreted the terms of the will contrary to the contention of proponent, the necessity of an interpretation stands adjudicated. That the caveatrix sought and obtained such interpretation cannot be disputed, and that fact is clearly established by the documentary evidence and the records of this prolonged litigation in both courts. When such interpretation was necessary and the caveatrix aided and assisted the trial court in arriving at a

proper interpretation, then it cannot be questioned that a benefit accrued to the estate. The estate and the beneficiaries thereof were benefitted by the prevention of the unlawful distribution and a miscarriage of justice since the interpretation settled the ambiguous status of all persons concerned and interested in the estate.

The trial court manifestly misconceived the law on benefits as sanctioned in this state. *First National Bank v. Strickler,* 103 Colo. 361, 86 P. (2d) 260. The benefits to an estate are not confined to the increase or protection of the assets. As was said in *First National Bank v. Strickler, supra,* a case almost on all fours with the one in hand, "That the work of these attorneys was helpful to the court is without question. The estate or the interested parties received the benefit of these services which were not duplicated by the attorney for the estate, and the court is of the opinion and finds that charges of this nature are a proper charge and should be borne by the estate. * * * 'As a general rule, where a testator has expressed himself so ambiguously as to make it necessary or advisable to institute an action or suit· to obtain a construction of the will, it is proper to order payment out of the estate, of the reasonable fees of attorneys of the party instituting the action or suit.' 79 A.L.R. 536. This rule can with propriety be extended to include fees for services rendered at the instance of one of the beneficiaries who responds to a citation that a hearing on the proper construction of a will is to be had."

We are at a loss to understand the following statement on page 15 of the brief of defendant in error: "It is manifestly absurd to say that her intentions were ambiguous. No court in this proceeding thought so." The district court by its decree adjudicated the questioned paragraph of the will otherwise and held said paragraph to be inoperative and void as being in derogation of the rule against perpetuities.

Regardless of the order of the county court authorizing the guardian to employ attorneys in the minor's estate,

and their fees to be paid out of the minor's estate, that still does not reach the vital and outstanding fact that the attorneys named in that order successfully prosecuted a caveat which inured not only to the minor, but to all persons interested in the estate, and prevented a wrongful distribution of the estate which would have occurred under the interpretation insisted upon by the proponent of the will, now defendant in error. When their contention prevailed in the county court the caveatrix was entitled to appeal to the district court. The proponent could not have appealed had the finding been otherwise, because it was not an interested party and was not even the appointed executor until after the original caveat hearing. Counsel for the proponent promptly applied to the county court for a partial payment of $1,000 on attorneys' fees for the successful defense against the caveat in the county court. The proponent aligned itself in favor of the legatees and espoused the doubtful interest of the legatees, and did this at the expense of the estate when this court has said, in a stronger case involving an administrator instead of a proponent: " 'He is not concerned in the slightest degree, in any legal sense, with the question of whom may eventually be declared the beneficiary * * *. He has no personal interest in it; he acts purely in a representative and official capacity.' * * * He goes beyond his duty when he espouses the claim of one claimant against the other, regardless of which side he aligns himself with. His province is to remain neutral on such issue until it is settled by proper and final judgment of the court; * * *." *Risbry v. Swan,* 124 Colo. 567, 239 P. (2d) 600, 605.

With the substitution of different names, dates and figures, the opinion in *First National Bank v. Strickler, supra,* might well be duplicated as the opinion in the present case.

Since the district court determined that the fee claimed was not excessive, the judgment is reversed and

the cause remanded with directions to the district court to vacate its order dismissing the appeal and enter judgment for petitioner in the amount prayed for.

MR. CHIEF JUSTICE STONE, MR. JUSTICE CLARK and MR. JUSTICE KNAUSS concur in the result.

MR. JUSTICE CLARK specially concurring.

I concur in the result. I am in accord with the views of the writer of the opinion in so far as adherence is had to the principle that where, upon trial of issues raised by caveat and opposed by proponent, and the proceeding becomes resolved into one of interpretation and construction of the will, or any part thereof, resulting in benefit to not alone the objector but to the estate as a whole, in the exercise of a proper discretion allowance of reasonable fee for counsel appearing on behalf of caveatrix, payable from the estate, should be adjudged. I am convinced that the opinion in this case should be so limited.

A portion of the opinion deals with matters beyond the scope of the foregoing limitation, which, in my view, is dicta; apt to be misunderstood, and lead to confusion rather than clarity. I make particular reference to those parts of the opinion relating to the acts of the proponent, as executor named in the will, in employing and causing to be paid counsel who undertook to defend the will as it was written. The rule is announced that proponent did not have such interest in the subject matter as to have entitled it to appeal had the judgment of the county court been adverse to it. This is an attempted predetermination of a very complicated and interesting problem not at issue in this case; hence, not now before us. My present impression is that in this respect there is a wide difference between the status of an administrator and an executor. An executor appointed by the will, it seems to me, has the duty under the trust imposed upon him by the testator, to undertake to protect the instrument if it be attacked in court.

In support of the position expressed in the opinion of the Court on this question is cited the case of *Risbry v. Swan,* 124 Colo. 567, 239 P. (2d) 600, 605. I respectfully point out the inapplicability of this citation. The Risbry v. Swan case had nothing whatsoever to do with the duties of an executor. It dealt entirely with the acts and duties of an administrator, the question being whether an administrator has any, or such, an interest in the estate as to authorize him to interpose objections as an "adverse party" under the provisions of the "dead man's statute" in an action between rival contenders over the assets of an estate.

I apprehend that in due time, one or more aspects of these various questions, as applied to executors, will come before us. Until it does, and is properly presented in a case where the issue is squarely raised, I suggest that we withhold opinion.

MR. CHIEF JUSTICE STONE and MR. JUSTICE KNAUSS join in this specially concurring opinion.