No. 18,085.

PEARL RAY PROUDFIT, ADM. ESTATE OF DEEDS *v.*
LESTER L. COONS, ET AL.
(325 P. [2d] 273)

Decided May 12, 1958.

Messrs. DICKERSON, MORRISSEY & DWYER, Mr. THOMAS F. McGOVERN, for plaintiff in error.

Mr. JOHN F. MUELLER, Mr. JOHN T. DUGAN, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

FLORA V. DEEDS executed two instruments each purporting to be her Last Will and Testament. One of these instruments was dated November 12, 1948; the other November 4, 1948. Plaintiff in error was named as executrix in each instrument. Following the death of Flora V. Deeds the named executrix presented the instrument dated November 12, 1948, for probate and record. The defendants in error being nephews and heirs at law of Flora V. Deeds, filed a caveat and objections to the probate of the November 12, 1948, will. This instrument, after trial, was admitted to probate in the county court, and in the district court was denied probate. The Will dated November 4, 1948, was thereafter presented for probate and record, and over the objections of caveators, defendants in error, was eventually admitted to probate as appears more fully from the opinion of this Court in *In Re Estate of Deeds*, 133 Colo. 85, 293 P. (2d) 643. The instruments are practically identical.

A petition was filed in the county court on November 20, 1951, by caveators for an allowance of fees to their counsel for the successful prosecution of their caveat to the November 12, 1948, will. This petition alleged that the work of caveators' counsel resulted in determining

that "said Will and Codicil to be invalid and as a result considerable benefit resulted to the estate and to the parties in interest." The petition for an award of counsel fees was denied by the county court, and on appeal to the district court, after trial de novo, judgment was entered in favor of caveators and against the estate for $2,250.00 "for attorneys' fees." From this judgment plaintiff in error brings the case here by writ of error seeking reversal.

The evidence discloses that the attorneys for caveators made an arrangement for a contingent fee of fifty per cent of any amount their clients, the caveators, received from the estate as a result of the efforts of their counsel. We quote from the testimony of caveators' chief counsel:

"Q. Mr. Dugan, what contract for fees did you have with the Coons brothers, your clients? A. Well, on our first contact with them, it was going to be a contingent basis. Q. What contingency? A. On a contingent basis of fifty per cent. The matter was then.— when expenses became excessive, the matter was changed and I agreed to wait the outcome of the litigation and the matter of fees would be discussed and taken up and that would be determined at the final conclusion of the case."

The same counsel testified that the contingent proposition was discontinued, or rescinded.

The question here presented is whether the district court erred in requiring payment from the assets of the decedent's estate of the fees of caveators' counsel. Counsel for caveators contend that our decisions in *Bennett v. Poudre Valley National Bank*, 129 Colo. 107, 267 P. (2d) 647 and *First National Bank v. Strickler*, 103 Colo. 361, 86 P. (2d) 260 sustain their position. *Bank v. Strickler*, supra, states:

"As a general rule, where a testator has expressed himself so ambiguously as to make it necessary or advisable to institute an action or suit to obtain a construction of the Will, it is proper to order payment out of the estate, of the reasonable fees of attorneys of the

party instituting the action or suit. 79 A.L.R. 536."

*Bennett v. Poudre Valley National Bank,* supra, was identical with the Strickler case, which was therein referred to as "A case on all fours with the one in hand."

It thus appears that the award of counsel fees in these cases was justified on the basis of our Claims Statute, C.R.S. '53, 152-12-2, which authorizes payment of expenses of administration and settlement of the estate, including services in connection with the construction of the instrument to aid in the proper distribution of the estate. These are services for the benefit of the estate and may be compensated from estate funds.

The ligitation for which remuneration is here sought was an adversary proceeding in which certain heirs of decedent attempted to overthrow her Will with a view of obtaining an intestate administration of the estate.

■ The rule which we are satisfied is applicable to the situation before us is that persons contesting a purported Last Will and Testament are in the same position as any other litigant, and must bear their own counsel fees. There is no statutory authority which permits a court to award fees for caveators' counsel under the facts of this case. If such were the law then a series of contests could be instituted and the entire assets of an estate dissipated in the allowance of attorneys' fees to the losing parties.

■ No allowance may be made out of the estate of a deceased person for the services of an attorney not employed by the personal representative of the estate, where the services were rendered for the sole benefit of an individual or group of individuals interested in the estate, and where the services are rendered in a proceeding purely personal and adversary between the parties.

We deem the cases of *Cedarquist v. Archuleta,* 127 Colo. 41, 253 P. (2d) 431 and *Geisler v. People,* 135 Colo. 121, 308 P. (2d) 1000 in point. We there held that in statutory proceedings involving the dependency of minor

children the allowance of counsel fees for the moving party in such a case was improper. The probate of a Will is a statutory proceeding, and there being no statute which allows the payment of counsel fees for caveators' attorneys, the judgment of the trial court must be reversed, and the cause remanded with direction to disallow the claim. It is so ordered.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ not participating.