## No. 19,086.

FLORENCE NEWBY TARR *v.* GEORGE NEWBY, ET AL.

361 P. [2d] 622)

Decided April 24, 1961.   Rehearing denied May 22, 1961.

Mr. HARRY L. SILVERMAN, for plaintiff in error.

Mr. WADE P. CONNELL, Mr. CARL W. BERUEFFY, Mr. LARRY W. MORAN, for defendants in error George Newby, Lillian Gay, Grace Pruitt, Kate Ecton, C. A. Romigh, Lolo Romigh, Helen Williamson, and Estelle Johnson.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, Mr. WILLIAM E. SMOKE, for defendant in error Ruth E. Hicks.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

In her last will and testament Anna F. Newby, who died April 8, 1957, gave and devised her property and estate to her two children, Bryant N. Newby, Jr., and Florence Newby Tarr, an undivided five-twentieths each; and to her five stepchildren, George Newby, May Romigh, Lillian Gay, Grace Pruitt and Kate Ecton, an undivided one-tenth interest each.

Bryant N. Newby, Jr., predeceased the testatrix, and left surviving his widow, Kathleen Newby, who died in June 1957 leaving Ruth E. Hicks, daughter of an earlier marriage and one of the defendants in error, as her sole and only heir at law. May Romigh also predeceased the testatrix and left surviving as her sole and only heirs at law C. A. Romigh, husband, and Lola Romigh, Helen Williamson and Estelle Johnston, daughters, who are also defendants in error.

At the hearing on the motion of the executor for a construction of the will, the trial court received, over objection, certain evidence *aliunde* the instrument to ascertain the meaning of the testatrix by use of the language "to have and to hold to him [her] and his [her] heirs at law, absolutely and forever," with reference to beneficiaries Bryant N. Newby, Jr., and May Romigh, respectively.

Following the hearing, the trial court ruled that the quoted language constituted words of substitution and purchase and not of limitation, and that the heirs at law of the two predeceased beneficiaries should take the shares which would have gone to such beneficiaries had they survived the testatrix. Plaintiff in error Tarr, as a legatee and devisee under the will, claims that the Newby and Romigh shares lapsed in favor of the living beneficiaries named in the will and seeks a reversal of the trial court's ruling.

Are the words, "to have and to hold to him [her] and his [her] heirs at law, absolutely and forever," in law a locution effecting limitation or substitution and purchase? This is the basic question for determination.

1. The language in controversy has a well-defined meaning in the law.

■ At common law a devise to a natural person and his heirs and assigns created an estate in fee simple. 26 C.J.S. §109, p. 915. The words, "and his heirs and assigns," were held to be words of limitation and not of purchase or substitution. Without the use of words of limitation, a general devise passed only a life estate, unless an intention to pass a fee simple estate appeared in the will. 96 C.J.S. §812, p. 239.

In Colorado, the necessity of using words of limitation to make an estate in fee simple has been relieved by legislative enactment. The statute provides that "every estate in lands which shall be * * * devised to one, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words * * * " C.R.S. '53, 118-1-7.

■ However, the use of words of inheritance, even though not required under the statute, still gives rise to an estate in fee simple. The meaning or effect of such words has not been changed by statute. Only the *necessity* for their use has been removed.

■ We are bound to apply long settled rules of the law of property in any case before us in which they should be applied, unless such rules have been changed by legislative enactment. In the case before us, the phraseology in the decedent's last will and testament, "to him [her] and his [her] heirs at law absolutely and forever," connotes an estate in fee simple. Hence, where an estate in lands is created by will, it will be deemed to be in fee simple, unless the *language of the will* clearly shows that a lesser or different estate was intended to be established. 96 C.J.S. §809, p. 234. The will in controversy contains no language showing any such intention.

■ This court is committed to the rule that the words, "and his heirs," "are to be regarded merely as words of limitation and not words of substitution when

employed in a testamentary gift to a designated individual and hence must be regarded as not preventing a lapse of the gift upon the death of the donee in the testator's lifetime, unless an intention to make a substitution can be gathered from other language of the will." *Feeney v. Mahoney,* 121 Colo. 599, 221 P. (2d) 357. See *Cann v. Richards,* 126 Colo. 54, 246 P. (2d) 906.

█ 2. At the hearing for construction of the testatrix' will, the trial court received in evidence an alleged written agreement dated May 2, 1938, between the testatrix as first party, her five stepchildren as second parties, and Bryant N. Newby, Jr., and Florence [Newby] Tarr as third parties, wherein the testatrix agreed to make her will and designate the second and third parties and their heirs and assigns forever, each collectively, as beneficiaries of an undivided one-half interest in her estate. Consideration was given to this document by the trial court in an attempt to ascertain the intention of the testatrix in her use of the language, "to him [her] and his [her] heirs at law, absolutely and forever," in her last will and testament.

The trial court found that the "testatrix believed she was under a contractual obligation to make a will in which one-half of her property would be given to her stepchildren and their heirs and assigns collectively, and one-half of her property would be given to her own two children, their heirs and assigns collectively," and further stated that "if the language used in the will is construed as words of limitation so that the devises and bequeath [sic] lapsed upon the death of a stepchild or child, then the testatrix did not comply with her contractual obligation; but if the words used by the testatrix were intended as words of substitution and purchase so that the heirs of a child or stepchild take in his or her stead, then the testatrix did comply with her contractual obligation and the Court finds that she did intend to comply with her contractual obligation and that the words used as used in the will were intended as words

of purchase or substitution and that the testatrix intended that the heirs of a stepchild or child should take in his or her stead when the child or stepchild predeceased testatrix."

It is apparent that the judgment of the trial court is based upon the provisions of the alleged agreement. This was error. The consideration of extrinsic evidence in construing testatrix' will was improper. There being no ambiguity present, its interpretation is limited to its own context. The language in controversy is plain, has a well-defined meaning, and is not susceptible of construction by the use of extraneous aids.

If the courts were permitted to resort to evidence *dehors* a last will and testament when called upon to construe such an instrument, the terms of which are plain and unambiguous and need no construction, such practice would in many cases rewrite the will by court decree, thwart the intention of the testator, and violate the statute of wills.

█ If there is a valid contract upon which the parties here rely, their rights thereunder cannot be determined or enforced by proceedings to construe the last will and testament of the obligor. *In re Williams' Estate,* 101 Colo. 262, 72 P. (2d) 476; *Hoff v. Armbruster,* 122 Colo. 563, 226 P. (2d) 312. The foregoing are precedents involving reciprocal wills, but the principle of law therein announced is no different for the case now under consideration. In such circumstances, recourse may be had to the usual remedies available to any party who claims to be damaged by nonperformance or who seeks to enforce an alleged agreement.

3. Plaintiff in error moved the trial court for allowance of attorney's fees incurred in the hearing for construction of the will. Her motion was denied.

█ The proceedings to construe the will were initiated by the executor, who caused plaintiff in error to be cited for the hearing. In such situation, we have held that legal services so rendered were for the benefit of

the estate and that a reasonable fee therefor is properly payable from assets of the estate. Costs may also be allowed in such a proceeding. *First National Bank v. Strickler,* 103 Colo. 361, 86 P. (2d) 260; *Bennett v. Bank,* 129 Colo. 107, 267 P. (2d) 647; *Proudfit v. Coons,* 137 Colo. 353, 325 P. (2d) 273.

In view of the foregoing, we conclude that the interests of Bryant N. Newby, Jr., and May Romigh in the estate of the testatrix, both of whom predeceased the testatrix, lapsed by operation of law. The will making no provision for disposition of the interest of any beneficiary who predeceased the testatrix, the lapsed interests of Newby and Romigh become a part of her residuary estate.

The judgment is reversed with instructions to proceed in harmony herewith.

MR. JUSTICE SUTTON not participating.