Opinion by
Mr. Justice Frantz.
*206 In a hearing on a petition to construe a will the trial court refused to receive extrinsic evidence to ascertain the intent of the testator. The trial court conceived the instrument to be plain and unambiguous, containing words having in law a well-accepted and defined meaning, leaving nothing for the court to do but follow the import of the language employed. Was the ruling of the trial court erroneous?
Alvin Steward Hubbs executed his will on May 2, 1949. He died on March 20, 1958. His brother, Otto Hubbs, passed away on August 28, 1953. By his will, Alvin provided that the residue of his estate go “to my brother Otto Hubbs and my sister Grace Chenoweth, share and share alike, to each an undivided one-half interest therein, and to their heirs and assigns forever.”
That Otto predeceased Alvin gives the words, “and to their heirs and assigns,” a special significance. The heirs of Otto maintain that the quoted words are terms of substitution, and hence they take what Otto would have taken. Defendants in error contend that they are words of limitation, and that upon the death of Otto his one-half of the residue lapsed and passed to Alvin’s heirs.
It is to be noted that the testator’s will was left unchanged, although Feeney v. Mahoney, (1950) 121 Colo. 599, 221 P. (2d) 357, and Cann v. Richards, (1952) 126 Colo. 54, 246 P. (2d) 906, decided while the will existed, had made it a tenet of the law that unless language is employed in the will showing an intent to dispose of property to the contrary, such words or their equivalent are deemed terms of limitation. See McCormick v. Hall, 337 Ill. 232, 168 N.E. 900.
Just recently we again considered the purport of these words in the case of In re Estate of Anna F. Newby, Tarr v. Newby, et al., 146 Colo. 296, 361 P. (2d) 622, and followed the above precedents. We find nothing in Alvin’s will that makes inapplicable the doctrine enunciated in these decisions.
We conclude that the words, “and to their heirs *207 and. assigns forever,” without other language indicating a contrary intention on the part of Alvin, are an expression of limitation; thus, the one-half of the residue became a lapsed legacy, passing to the heirs at law of Alvin.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice McWilliams concur.