## No. 18,436.

ESTATE OF WILLAMAIN CRANMER COORS, DECEASED, AND JANE GARRISON DUKE, JACK VERNE TEMPLE AND ROBERT B. KEATING *v.* INTERNATIONAL TRUST COMPANY AND GEORGE E. CRANMER, EXECUTORS, ETC., ET AL.

(344 P. [2d] 184)

Decided September 21, 1959.

Mr. JACK VERNE TEMPLE, Mr. ROBERT B. KEATING, for plaintiffs in error Duke, Keating and Temple.

Messrs. HUGHES & DORSEY, Mr. CLAYTON CARPENTER, Mr. GEORGE C. GIBSON, for defendants in error International Trust Company and George E. Cranmer, Executors.

Mr. STANLEY H. JOHNSON, for defendant in error Thaxter.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFFS in error Duke, Temple and Keating seek by writ of error to reverse a judgment of the Denver County Court denying Messrs. Temple and Keating attorneys' fees for representing plaintiff in error Duke in the Coors estate. The essential facts in the case are as follows:

Willamain Cranmer Coors executed a will dated April 12, 1954, and a first codicil thereto dated July 29, 1956. She died on September 6, 1956, and when her safe deposit box was opened her will was found therein bearing thereon, partly in ink and partly in pencil, certain notations, interlineations, deletions and memoranda (hereinafter collectively called "notations").

Article Fourth of said will established a trust to con-

sist of her residuary estate. Subparagraph 1 of Paragraph B of said Article Fourth designated her niece, Willamain McPhee Thaxter, as the income beneficiary. On this subparagraph appeared an interlineation in ink "& Jane Garrison Duke." Mrs. Duke was also a niece of the decedent. The interlineation referred to is the basis of this litigation, in which plaintiffs in error Jack Verne Temple and Robert B. Keating, as attorneys for Jane Garrison Duke, claim to have furnished services of benefit to the estate of Willamain Cranmer Coors, and seek compensation for such services from the estate.

George E. Cranmer and The International Trust Company as executors therein, filed a petition on September 25, 1956, offering said will and first codicil for probate. They alleged that the notations on the will formed no part of the will and that it should be admitted to probate without them.

On November 5, 1956, Jane Garrison Duke filed a petition asking for the admission to probate of the notations on said will to be designated as Codicil No. 1-a.

On February 5, 1957, Willamain McPhee Thaxter filed objections to the petition of Jane Garrison Duke.

Hearing on probate was had on March 14, 1957, and on April 1, 1957, the Court entered an order admitting said will and the first codicil thereto to probate, and decreeing that the notations thereon did not constitute a part of said will and denied admission of the so-called Codicil 1-a to probate.

No appeal or writ of error was taken from this order within the time prescribed by law.

On April 23, 1957, Jack Verne Temple and Robert B. Keating filed a petition in the estate matter asking the Court to allow them fees for services alleged to have been performed in connection with the probate hearing.

On July 5, 1957, Willamain McPhee Thaxter and her four minor children filed objections to said petition.

Hearing was had on this petition on July 5, 1957, and at the conclusion thereof the County Court entered an

order denying the petition and stating that the work performed by the petitioners was a duplication of work already performed by the attorneys for the executors.

Briefly stated the basis of this writ of error is that the trial court erred in finding that the services rendered by Temple and Keating "on behalf of Jane Garrison Duke were duplicated."

■ The original proceeding in probate was not one for construction of the will and it is manifest that the services of Temple and Keating did not benefit the estate. On the contrary, counsel appeared in the original probate proceedings on behalf of Jane Garrison Duke, and that hearing, so far as these parties were concerned, was a contest between contending parties seeking to share in the estate. In such a situation it is plain that each party should bear his or her own counsel fees. It needs no citation of authority to show that this was an adversary proceeding, not a construction of the will of testatrix.

What counsel did was not for the benefit of the estate. The benefit rule is stated in an annotation in 79 A.L.R. 521, supplemented in 142 A.L.R. 1459, entitled "Allowance out of decedent's estate for services rendered by attorney not employed by executor or administrator:

"The general rule is that no allowance may be made out of the estate of a deceased person for the services of an attorney not employed by the personal representative of the estate, where the services were rendered for the sole benefit of an individual or group of individuals interested in the estate. (page 522) * * *.

"But it has been held that an allowance may be made out of the estate of a deceased person for the services of attorneys for persons claiming as beneficiaries of the estate, where the services were beneficial to the estate." (page 525)

■ No allowance may be made out of the estate of a deceased person for services of an attorney not employed by the personal representative of the estate

where the services are rendered for the sole benefit of individuals, though interested in the estate. *Proudfit v. Coons,* 137 Colo. 353, 325 P. (2d) 273.

What we had here was a contest between Duke and Thaxter, in which the contentions of Duke were disallowed. What Duke's counsel did was not for the benefit of the estate, but solely for the benefit of Duke. It is the general rule that where the contest is narrowed down to one of personal interest between parties interested in an estate, attorney fees are not generally allowed.

We are compelled under this record to hold that the trial court properly denied the petition for allowance of counsel fees.

The judgment is affirmed.