In the Matter of the ESTATE OF Lawrence Clinton PHIPPS, a/k/a Lawrence C. Phipps, Jr.

Richmond PHIPPS, Petitioner-Appellant,

v.

ESTATE OF Lawrence Clinton PHIPPS, a/k/a Lawrence C. Phipps, Jr., Respondent-Appellee,

and

Gerald H. PHIPPS and Lawrence C. Phipps, III, personal representatives, Petitioners-Appellants,

v.

ESTATE OF Lawrence Clinton PHIPPS, a/k/a Lawrence C. Phipps, Jr., Respondent-Appellee.

Nos. 83CA1117, 83CA1150.

Colorado Court of Appeals, Div. III.

Dec. 5, 1985.

George A. Hinshaw, P.C., George A. Hinshaw, Irvin M. Kent, Patrick L. Dulaney, P.C., Patrick L. Dulaney, Aurora, for petitioner-appellant in No. 83CA1117 and respondent-appellee in No. 83CA1150.

Hughes & Dorsey, Raymond B. Danks, H. Paul Muyskens, Denver, for petitioners-appellants in No. 83CA1150 and respondents-appellees in No. 83CA1117.

Gessling & Minton, James Gessling, Denver, for other beneficiaries-appellees Mary Young, Joan Pechman, Diana Braden, Margo Alden, Eleanor Phipps, Lincoln Phipps, and Martin H. Phipps.

TURSI, Judge.

In this consolidated case, the issues presented regard the entitlements of a beneficiary and of the personal representatives to estate-paid attorney fees. In the first matter, the probate court denied Ms. Richmond Phipps, a beneficiary, estate-paid attorney fees arising out of litigation brought by her against Gerald H. Phipps and Lawrence C. Phipps III, personal representatives of the estate of Lawrence Clinton Phipps, Jr. In the second matter it denied estate-paid attorney fees to the personal representatives. We affirm the order denying Ms. Phipps' request, reverse the order denying the request by the personal representatives, and remand for further proceedings.

Ms. Phipps, a one-sixth beneficiary of the estate, sought the removal and surcharge of the personal representatives. She alleged maladministration of the estate and other improprieties relating to various land transactions. She also brought a civil action against some seventy-five defendants, including the other beneficiaries. In the civil suit, she alleged conspiracy to defraud the estate, fraud upon the estate, and concealment of the fraud.

After lengthy litigation with regard to the claims of Ms. Phipps in the probate

action, her petition for removal and surcharge was settled. The settlement provided that Ms. Phipps was to receive $500,000, of which $250,000 was paid from estate funds which was not to reduce her share in the estate, and $200,000 from estate funds reserved as additional fees for the personal representatives. The balance of $50,000 was to be paid by a third party.

The settlement also contained the following provision:

"It is understood by the parties hereto that this agreement is a compromise and settlement of disputed claims and is not to be construed as an admission of liability on the part of any parties hereto."

After the settlement was approved and the various litigation instituted by Ms. Phipps terminated, both she and the personal representatives applied to the probate court for their attorney fees to be paid from estate funds. The trial court denied both applications. Ms. Phipps and the personal representatives separately appealed, and we have consolidated the appeals.

## I.

In Ms. Phipps' appeal, we reject her contention that the probate court erred in its denial of her request for estate-paid attorney fees.

The court had ruled early in the litigation that the civil suit was not for the benefit of the estate. It noted that all other heirs and beneficiaries had disclaimed the allegations of Ms. Phipps and had denied that she was acting on their behalf. It further noted that all beneficiaries but Ms. Phipps had ratified and approved the actions of the personal representatives. It is undisputed that the settlement reached with Ms. Phipps did not create a common fund for the benefit of the estate, but rather it diminished the distributive shares of the other beneficiaries.

■ Pursuant to the settlement agreement, whether Ms. Phipps was to be reimbursed for her litigation expense from estate funds was to be determined by "applicable law". The law controlling this determination is the benefit rule. Under that rule generally no allowance may be made out of the estate for services of an attorney not employed by the personal representative of the estate if the services were rendered for the sole benefit of individuals, even though the individuals may have an interest in the estate. *Estate of Coors v. International Trust Co.*, 140 Colo. 343, 344 P.2d 184 (1959).

■ Here, Ms. Phipps was the sole individual to benefit from the litigation and settlement. Thus, there was no resultant benefit to the estate. Therefore, payment of her attorney fees by the estate was properly denied, and there was no error in the court's ruling that, as a matter of law, Ms. Phipps' good faith in bringing the petition for removal and surcharge was irrelevant.

## II.

■ The personal representatives appeal, alleging that the trial court erred by not applying § 15–12–720, C.R.S., in its consideration of their application for estate-paid attorney fees. We agree.

Section 15–12–720 provides that:

"If any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not, he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorneys' fees incurred."

The court held that this section was not applicable to the case at hand because such an allowance in this case would be inconsistent with the ruling denying Ms. Phipps estate-paid attorney fees.

The court's conclusion that § 15–12–720, C.R.S., does not apply to this case is erroneous. The section is limited only by the requirements that the personal representative must have defended the proceeding in good faith and that the expenses incurred must have been necessary and reasonable to the administration of the estate. Thus, it has not been determined whether the

personal representatives here have met the good faith requirements of the statute.

There is nothing inconsistent with an award of attorney fees to the personal representatives in a settled case. And here, the court concluded that the settlement was in the best interest of the estate. In *Tuckerman v. Currier*, 54 Colo. 25, 129 P. 210 (1912), the court held that executors to a will are justified in incurring necessary and legitimate expenses in the defense of their appointments, "as well as to in good faith defend their course of procedure when attacked while in office."

The settlement agreement specifically declined to assign fault to any of the parties. Thus, the personal representatives are entitled to have a determination whether their actions were in good faith and whether the expenses incurred, in whole or in part, were necessary and reasonable to the administration of the estate. The mere fact that the beneficiary bringing the removal and surcharge litigation may ultimately bear some of the personal representatives' expense does not preclude an award of attorney fees.

The order of the trial court as to Ms. Phipps is affirmed. Its order as to the personal representatives is reversed, and the cause is remanded for further proceedings to determine whether the personal representatives have met the requirements of § 15–12–720, C.R.S.

BERMAN and METZGER, JJ., concur.