874 P.2d 490 (1994)
In the Matter of the ESTATE OF Gladys H. FRYER, Deceased.
Joyce A. SPARKS and LaRue Heath, Petitioners-Appellants and Cross-Appellees,
v.
Margaret E. ALLEN and Evelyn Jordens, Respondents-Appellees and Cross-Appellants.
No. 93CA0408.
Colorado Court of Appeals, Div. IV.
April 21, 1994.
*491 Peter D. Van Soest, Denver, for petitioners-appellants and cross-appellees.
Haines & Olsen, P.C., M. Kent Olsen, Spencer J. Crona, Denver, for respondents-appellees and cross-appellants.
Opinion by Judge PLANK.
This appeal concerns the construction of the will of Gladys H. Fryer and the allowance of attorney fees ordered by the probate court. Joyce A. Sparks and LaRue Heath, nieces and unnamed beneficiaries of the testatrix, appeal the probate court's order construing the will pursuant to § 15-11-606(2), C.R.S. (1987 Repl.Vol. 6B). Margaret E. Allen and Evelyn Jordens, residuary beneficiaries under the will, cross-appeal the probate court's order awarding attorney fees paid from the estate to Sparks and Heath. We affirm the probate court's construction of the will and reverse the award of attorney fees.
The relevant facts are not in dispute. In December 1977, Gladys H. Fryer executed a will, naming her niece, Josephine Van Brunt, a beneficiary of one-half of the residue. Fryer left the other one-half of the residue to her three friends, Elise Madsen Burt, Evelyn Jordens, and Margaret E. Allen, in equal shares. The residuary gifts to each of her friends contained a limitation requiring that, if the friend predeceased Fryer, her portion would be added to the share of her niece, Van Brunt. The will failed to provide a contingent disposition of the devise to the niece if the niece predeceased Fryer.
The niece, Josephine Van Brunt and Burt, one of the named friends, predeceased the testatrix. The estate filed a Petition for Final Settlement, Distribution of Testate Estate, and Construction of the Will, asking the probate court to construe the will pursuant to § 15-11-606(2). In that petition, the personal representative argued that in the absence of a contingent disposition of the devise to the predeceased niece and because the will indicated no contrary intent pursuant to § 15-11-603, C.R.S. (1987 Repl.Vol. 6B), § 15-11-606(2) mandated the distribution of the residuary estate, in equal portions, to the two remaining friends, the only residuary beneficiaries to survive the testatrix.
Shortly thereafter, Sparks and Heath, the two nieces who were not named as devisees, also filed a petition seeking construction of the will. They asked the court to find that, since the testatrix had expressly provided for any lapsed gifts to go the niece named as a residuary devisee, such gifts should pass to Sparks and Heath as heirs of the predeceased niece. They argued that the limiting condition of the friends' gifts indicated a contrary intent within the meaning of § 15-11-603, precluding the application of § 15-11-606(2).
The probate court found that the distribution scheme recommended by the personal representative was proper. The court, however, ordered the estate to reimburse one-half of the attorney fees that the two nieces had incurred in bringing the action for construction. Such award was based on the court's findings that the action was necessary for the court to determine construction of the will and that the estate benefitted by having a correct construction for distribution purposes validated by the proceedings.

I.
The Colorado General Assembly adopted the Colorado Probate Code (Code) in 1977. Under the law that existed before the Code, in the absence of specific language in the will showing the testator's intention, a lapsed residuary gift did not become part of the residue but instead passed to the testator's next of kin as intestate property. Estate of Boyle, 121 Colo. 599, 221 P.2d 357 (1950).
In contrast, under the Code, a failure of a residuary devise is controlled by the rule of construction in § 15-11-606(2) which provides:
[I]f the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share *492 passes to the other residuary devisee, or to other residuary devisees in proportion to their interests in the residue.
The rules of construction, however, do not apply if a contrary intent is indicated in the will. See § 15-11-603; Haskins v. Garrett, 820 P.2d 350 (Colo.App.1991).
Here, although the will provided for the possibility of the three friends predeceasing the testatrix, it did not provide for a situation in which the niece predeceased the testatrix. We agree with the probate court that the rule of construction set forth in § 15-11-606(2) of the Code was specifically designed to construe the effect of such omissions in the absence of specific language in the will.
No contrary intention is mentioned in the will to preclude application of § 15-11-606(2). In viewing the will in its entirety, the two nieces objecting to this construction are not named in any section of the will. Thus, the logical inference is that the testatrix did not intend to include them. From this, we can assume that the testatrix intended for all her property to pass through her will and none to pass by intestate succession.
Accordingly, we affirm the probate court's construction of the will dividing the two lapsed devises equally between the two remaining residuary devisees, Allen and Jordens.

II.
In regard to the award of attorney fees, we conclude that the trial court erred.
As a general rule, when a testatrix has expressed herself so ambiguously that it is necessary to institute an action for the construction of the will, it is proper for attorney fees to be paid by the estate for the party instituting the action. In re Estate of Curtis, 103 Colo. 361, 86 P.2d 260 (1938). Furthermore, attorney fees are properly awarded when the construction of the will has benefitted the estate and the beneficiaries by the "prevention of [an] unlawful distribution... since the interpretation settled the ambiguous status of all persons concerned and interested in the estate." In re Estate Demmel, 129 Colo. 107, 112, 267 P.2d 647, 649 (1954).
However, in contrast to these situations in which the estate benefits from the action, "no allowance may be made out of the estate of a deceased person for the services of an attorney not employed by the personal representative of the estate where the services are rendered for the sole benefit of individuals, though interested in the estate." In re Estate of Coors, 140 Colo. 343, 346-47, 344 P.2d 184, 185-86 (1959). In Coors, the court found the hearing to be a contest between contending parties seeking to share in the estate rather than a construction of the will and declined to award attorney fees paid from the estate.
Here, the personal representative instituted the action to construe the will by filing the petition for final settlement and construction of the will and joined all beneficiaries in the proceeding. Five days later Sparks and Heath filed their complaint for construction of the will and stated their objections to the personal representative's petition. Ultimately, the probate court ruled in support of the construction of the will proposed by the personal representative.
The court, in granting attorney fees, found that the services of the nieces' attorney were not duplicated by the attorney for the estate, the work was helpful to the court, and the estate received the benefit of the services.
We recognize that an adversarial proceeding can help the court in resolving an issue. However, since Sparks and Heath were not named beneficiaries in any section of the will and did not prevail in their proposal for its construction, we conclude that it is inappropriate to award them attorney fees from estate funds. Their motive was financial gain. See In re Coors Estate, supra.
Accordingly, the probate court's construction of the will is affirmed and its order awarding one-half of attorney fees to Sparks and Heath is reversed.
MARQUEZ and ROTHENBERG, JJ., concur.