148 P.3d 465 (2006)
In the Matter of the ESTATE OF Ronald WILTFONG, Deceased.
Randall Rex, domestic partner of Deceased, beneficiary of propounded will, and proponent of document asserted to be a will pursuant to C.R.S. § 15-11-503, Claimant-Appellant,
v.
Margaret L. Tovrea, Respondent-Appellee.
No. 05CA1189.
Colorado Court of Appeals, Div. I.
October 19, 2006.
*466 Bradley Devitt & Arp, P.C., Jerald J. Devitt, J. Michael Shea, Golden, Colorado, for Claimant-Appellant.
Zak, Fox, & Pehr, P.C., James J. Zak, Westminster, Colorado, for Respondent-Appellee.
Opinion by Judge BERNARD.
In this formal testacy probate proceeding, Randall Rex (proponent), the proponent of a document alleged to be a will, appeals the trial court's order finding decedent, Ronald Wiltfong, died intestate. We reverse and remand for further proceedings.

I. Background
The following facts are undisputed. Proponent and decedent were domestic partners for twenty years until decedent's death. They lived together and intermingled most of their finances.
On proponent's birthday in 2003, proponent and decedent celebrated with two friends. In the presence of the friends, decedent gave proponent a birthday card containing a typed letter decedent had signed. The letter expressed decedent's wish that if anything should ever happen to him, everything he owned should go to proponent. The letter also stated that proponent, their pets, and an aunt were his only family, and "everyone else is dead to me." Decedent told proponent and the friends the letter represented his wishes.
Decedent died from a heart attack the following year.
Proponent filed a petition to have the letter admitted to probate as decedent's will. Margaret Tovrea (contestant), the mother of decedent's three nephews who would be decedent's heirs if he died intestate, objected to the petition.
The trial court ruled the letter was not a will because it did not meet the requirements of § 15-11-503(2), C.R.S.2006, and therefore the nephews would take decedent's estate by intestate succession. This appeal followed.
Proponent contends the trial court erred in concluding decedent did not intend the letter to be his will. We conclude that further proceedings are necessary to resolve this question.

II. General Principles
We apply the following general principles regarding testacy proceedings, execution of wills, holographic wills, standard of review, and burden of proof.

A. Formal Testacy Proceedings
Formal testacy proceedings to determine whether a decedent left a valid will are governed by statute. Section 15-12-401, et seq., C.R.S.2006. In contested cases, proponents *467 of a will have the burden of presenting prima facie evidence to show the will was duly executed. Once such evidence is presented, those contesting a will's validity have the burden of proving by a preponderance of the evidence lack of testamentary capacity, undue influence, fraud, or the like. Section 15-12-407, C.R.S.2006; In re Estate of Romero, 126 P.3d 228 (Colo.App.2005).

B. Execution of Wills
The underlying purposes of the Colorado Probate Code (Code) are to simplify and clarify the law concerning the affairs of decedents; to discover and make effective the intent of decedents in distributing their property; and to promote a speedy and efficient system for settling estates of decedents and distributing their property to their successors. The Code is to be liberally construed and applied to promote these purposes. Section 15-10-102, C.R.S.2006.
As relevant here, § 15-11-502(1), C.R.S.2006, establishes three requirements for a will: (1) it must be in writing; (2) it must bear the testator's signature or be signed in the testator's name; and (3) it must also bear the signatures of at least two persons who witnessed either the testator's signature or the testator's acknowledgment of the signature. There is no need to publish the document as the testator's will or to have witnesses sign the document in the presence of the testator or the other witnesses. In re Estate of Royal, 826 P.2d, 1236 (Colo.1992).
Although these three formalities represent a reduction over time in the number of formalities surrounding the execution of wills, compare § 15-3-502, C.R.S.1963, with § 15-11-502(1), they "require strict adherence in order to prevent fraud because statutes governing execution are designed to safeguard and protect the decedent's estate." In re Estate of Royal, supra, 826 P.2d at 1238 (citation omitted).

C. Holographic Wills
Section 15-11-502(2), C.R.S.2006, provides that handwritten wills may also be valid: "A will that does not comply with subsection (1) of this section is valid as a holographic will, whether or not witnessed, if the signature and material portions of the document are in the testator's handwriting."
Proof of a decedent's intent that a document serve as a holographic will can be established by extrinsic evidence, including parts of the document that are not in the decedent's handwriting. Section 15-11-502(3), C.R.S.2006. Holographic wills are viewed as valid even if "immaterial parts such as date or introductory wording are printed, typed, or stamped" or if printed will forms are used and the "material portions of the document are handwritten." Uniform Probate Code § 2-502 cmt. subsec. (b).
Here, the trial court found the letter was not a holographic will. Neither party disputes this finding on appeal.

D. Harmless Error
While scrupulous adherence to the formalities associated with executing wills serves the important purpose of preventing fraud, it can also "defeat intention . . . [or] work unjust enrichment." Restatement (Third) of Property: Wills & Other Donative Transfers § 3.3 cmt. b (1999). To address this concern, among others, the Code was amended in 1994 to align Colorado's law with extensive changes suggested by the Uniform Probate Code. In re Estate of Sky Dancer, 13 P.3d 1231 (Colo.App.2000).
One of these changes was effected by § 15-11-503(1), C.R.S.2006. This statute governs how potential donative documents are treated when they have not been executed pursuant to the three requirements established by § 15-11-502(1). Sections 15-11-503(1) states:
Although a document, or writing added upon a document, was not executed in compliance with section 15-11-502, the document or writing is treated as if it had been executed in compliance with that section if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute:
(a) The decedent's will. . . .
The purpose of adding § 15-11-503(1) was to provide a mechanism for the application of *468 harmless error analysis when a probate court considers whether the formal requirements of executing a will have been met. Applying a harmless error standard in these circumstances supports the purposes of the Code and follows the general trend of the Uniform Probate Code extending the principle of harmless error to probate transfers. In re Estate of Sky Dancer, supra. See generally D. Johns, Probating Flawed Wills: Colorado's New CRS § 15-11-503, 25 Colo. Law. 85 (Nov.1996).
Thus, the question is whether a defect is harmless in light of the statutory purposes, not in light of the satisfaction of each statutory formality, viewed in isolation. To achieve those purposes, the issue is whether the evidence of the conduct proves the decedent intended the document to be a will. Restatement, supra, § 3.3 cmt. b.
Certain errors cannot be excused as harmless, like the failure of a proponent to produce a document. Other errors are difficult, although not impossible, to excuse as harmless, like the absence of a signature on a document. Restatement, supra, § 3.3 cmt. b. In this regard, § 15-11-503(2) reads: "Subsection (1) of this section shall apply only if the document is signed or acknowledged by the decedent as his or her will. . . ."
Adopted in 2001, Colo. Sess. Laws 2001, ch. 249 at 887, § 15-11-503(2) was designed to limit the harmless error concept to minor flaws in the execution of wills. In re Estate of Sky Dancer, supra; H. Tucker, D. Swank & T. Hill, Holographic and Nonconforming Wills: Dispensing with Formalities  Part II, 32 Colo. Law. 53 (Jan.2003). Thus, § 15-11-503(2) establishes the condition precedent that a document be "signed or acknowledged by the decedent as his or her will" before a court may move to the next step and decide whether there is clear and convincing evidence the decedent intended the document to be a will.
The kinds of errors viewed as harmless in Colorado are technical drafting mistakes that frustrate the testator's intent. In re Estate of Sky Dancer, supra.

E. Burden of Proof Under § 15-11-503
Under § 15-11-503, a proponent of a document must show, by clear and convincing evidence, the decedent intended the document to be a will. This enhanced burden is "appropriate to the seriousness of the issue." Uniform Probate Code § 2-503 cmt. Clear and convincing evidence is stronger than a mere preponderance; it is highly probable evidence free from serious or substantial doubt. Metro Moving & Storage Co. v. Gussert, 914 P.2d 411 (Colo.App.1995).
The greater the deviation from the requirements of due execution established by § 15-11-502, the heavier the burden on the document's proponent to prove, by clear and convincing evidence, that the instrument establishes the decedent's intent. In re Estate of Sky Dancer, supra.
III. "Signed or Acknowledged by the Decedent as His or Her Will"
Proponent contends the trial court erred in interpreting § 15-11-503(2) to require a document to be both signed and acknowledged by a decedent as his or her will. We agree.
Statutory interpretation is a question of law we review de novo. Klinger v. Adams County Sch. Dist. No. 50, 130 P.3d 1027 (Colo.2006). When interpreting a statute, our task is to give effect to the legislature's intent. Colo. Office of Consumer Counsel v. Pub. Utils. Comm'n, 42 P.3d 23 (Colo.2002). We look first to the language of the statute, giving words and phrases their plain and ordinary meaning, and we interpret the statute in a way that best effectuates the purpose of the legislative scheme. Harding v. Heritage Health Prods. Co., 98 P.3d 945 (Colo.App.2004). If the plain language of the statute is clear, we need not employ other tools of statutory interpretation. Anderson v. Watson, 953 P.2d 1284 (Colo.1998).
The trial court found decedent signed the letter, but did not acknowledge the letter as his will. The court ruled the phrase "signed or acknowledged" must be read in the conjunctive and therefore, the letter could not be admitted to probate. We conclude the court's interpretation was erroneous.
*469 The term "or" in a statute is presumed to be used in the disjunctive sense unless the legislative intent is clearly contrary. People v. McCoy, 821 P.2d 873 (Colo.App.1991). Here, there is no indication the General Assembly intended a document to be both signed and acknowledged to satisfy § 15-11-503(2).
Hence, the trial court erred in interpreting § 15-11-503(2) to require a document to be both signed and acknowledged by a decedent.

IV. Conclusion
In this case, the court found decedent's letter did not satisfy the formal requirements of a will pursuant to § 15-11-502(1) and that it was not a holographic will pursuant to § 15-11-502(2). We agree.
Two of the formal requirements of § 15-11-102 were met in this case because the letter was in writing and signed by decedent. However, the letter was not signed by at least two witnesses who had witnessed either decedent's signing of the letter or decedent's acknowledgment of the signature or of the document as a will. Thus, the letter was not a formal will.
The letter was also not a holographic will. Although it was signed by decedent, the material portions of the letter were typed, and, therefore, they were not in decedent's handwriting.
Thus, it was appropriate to determine whether the letter was a writing intended as a will under § 15-11-503. However, the trial court erroneously interpreted § 15-11-503(2) by holding decedent had to sign and acknowledge the letter as a will, even though decedent "stated his intent" in the letter.
In support of this ruling, the trial court added, "[T]he Legislature intends that a person has to say `this is my will.'" However, § 15-11-503 does not require a decedent to announce, "This is my will." The trial court's interpretation added a restriction not present in the statute. Because this legal error affected the trial court's decision, the order must be reversed and the case remanded for a new hearing.
On remand, the court should determine whether the defects in decedent's letter were technical drafting mistakes that should not be allowed to frustrate decedent's testamentary intent and, thus, harmless error under § 15-11-503(1) and (2). See In re Estate of Sky Dancer, supra. Under a proper formulation of the harmless error analysis, once a court determines a decedent has signed or acknowledged a document as a will, as the trial court did here, the issue becomes whether the proponent can establish by clear and convincing evidence the decedent intended the document to be a will.
This proof may take the form of extrinsic evidence, such as decedent's statements to others about the letter. Section 15-11-502(3) ("Intent that the document constitutes the testator's will can be established by extrinsic evidence. . . ."); Tucker, supra, 32 Colo. Law. at 55 ("A critical adjunct to . . . § 15-11-503 is . . . § 15-11-502(3), which gives teeth to that statute.").
The language of the letter is also relevant evidence, including, for example, whether the letter disposes of all decedent's property and whether the letter identifies a beneficiary. See In re Estate of Lewis, 93 P.3d 605 (Colo. App.2004)(courts ascertain intent of the decedent from will's language); cf. In re Estate of Jenkins, 904 P.2d 1316 (Colo.1995)(presumption is decedent intended to dispose of entire estate); In re Estate of Peppler, 971 P.2d 694 (Colo.App.1998) (court must give effect to decedent's intent unless it is contrary to law or public policy); In re Estate of Sandstead, 897 P.2d 883, 886 (Colo.App. 1995)("court may not give effect to a supposed intention of a [decedent] which finds no expression in a will"); In re Will of Killin, 703 P.2d 1323 (Colo.App.1985)(entire document is examined to determine decedent's intent); In re Estate of Gross, 646 P.2d 396, 398 (Colo.App.1981) (designation of a beneficiary should "identify a subject to which the terms of the will are obviously applicable with reasonable certainty").
Here, the letter and the circumstances surrounding it are manifestly distinguishable from the document the division invalidated in In re Estate of Sky Dancer, supra. The purported will discussed in that opinion was *470 flawed by more than technical drafting mistakes. For example, information produced in a police investigation suggested the proponent of the document may have been involved in causing the decedent's death. The dispositive portion of the document was neither signed by the decedent nor written in her hand. There was no evidence the decedent told anyone the document was to serve as her will. Last, the division indicated there was a possibility another person had created the dispositive portions of the document. Those concerns do not apply in this case.
Therefore, the trial court's order is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.
Judge MÁRQUEZ and Judge ROTHENBERG concur.