166 P.3d 161 (2007)
In re the ESTATE OF E. Keith EVARTS, a/k/a, Keith Evarts, Deceased.
Nancy Olson and Joyce Hill, Petitioners-Appellants,
v.
Alice Nugent, Personal Representative-Appellee, and
Laurel Ann Evarts and David R. Evarts, Appellees.
No. 05CA2319.
Colorado Court of Appeals, Div. III.
April 5, 2007.
Certiorari Denied August 13, 2007.
*162 Chris Mahre, P.C., Christopher Mahre, Grand Junction, Colorado, for Petitioners-Appellants.
Hoskin, Farina & Kampf, P.C., John T. Howe, Grand Junction, Colorado, for Personal Representative-Appellee.
Dufford, Waldeck, Milburn & Krohn, L.L.P., William H.T. Frey, Cindy C. Lay, Grand Junction, Colorado, for Appellees.
Opinion by Judge ROMÁN.
In this probate proceeding, petitioners, Nancy Olson and Joyce Hill, appeal the district court order denying their petition to vacate an order of intestacy requested by the personal representative, Alice Nugent, in favor of the heirs, Laurel Evarts, David Evarts, and Eileen Fayle. Eileen Fayle, an heir and the mother of petitioners, does not participate in this appeal. We vacate the order and remand for further proceedings.
In January 2004, E. Keith Evarts died, and his guardian, Nugent, filed a petition to be formally appointed as his personal representative and to probate his estate through intestacy. Nugent attached to the petition a copy of a typed document signed by decedent in 1983 purporting to be his will. However, the document was not the original document and was not properly witnessed, and the notary seal was illegible. In the petition, Nugent stated that she "had no knowledge or information as to the location or existence of the original Will, nor if it is a valid and unrevoked Will" and, therefore, requested that the court (1) find that decedent left no will and (2) determine the heirs of his estate.
Section 15-10-401, C.R.S.2006, requires notice be given to any interested person if a hearing on any petition is required. Although Nugent was petitioning the court to determine intestacy, she attached a copy of the 1983 Will for the court to determine its validity, and, if the court determined the will was invalid, to order the estate to be distributed through intestacy proceedings.
Nugent provided notice of the hearing on the intestacy petition to decedent's siblings, Laurel Evarts, David Evarts, and Eileen Fayle, as well as decedent's nieces, Nancy Olson and Joyce Hill, who were the sole potential devisees under the 1983 Will. However, Nugent used an old address for Olson. Nugent sent another notice to Olson at an updated address, but the second address contained transposed numbers.
For purposes of this appeal only, the parties have assumed that Olson did not receive notice of the intestacy hearing. However, it is undisputed that Hill received notice of the *163 hearing and did not attempt to prove the validity of the 1983 Will.
On March 19, 2004, the court entered an order formally appointing Nugent as the personal representative to serve in supervised administration and finding that (1) any required notices had been given or waived; (2) decedent did not leave a will; and (3) the heirs of decedent are his siblings.
On August 2, 2005, the nieces filed a petition to vacate the order of intestacy, alleging that Olson never received notice of the petition of intestacy and that she was entitled to actual notice as a potential residuary devisee under the 1983 Will. The court held a hearing on the sole issue of whether the nieces' petition was time barred. At the hearing, the personal representative and heirs specifically reserved their right to present evidence that Olson received actual notice, in case the court determined Olson was entitled to notice. After the hearing, the court denied the petition as time barred.
In its subsequent order denying the nieces' C.R.C.P. 59 motion, the court specifically found that Olson "is not an interested party and that she was not entitled to notice." The court also found that the nieces were not entitled to equitable tolling of the statute of limitations because their "remedy was at law and they failed to exercise those rights within the time prescribed by law." The court further found that to allow the nieces to "proceed on an equitable basis would render the statute of limitations meaningless." This appeal followed.
This appeal concerns interpretation of the statutory notice requirements. Statutory interpretation is a question of law we review de novo. Klinger v. Adams County Sch. Dist. No. 50, 130 P.3d 1027, 1031 (Colo.2006). When we interpret a statute, our task is to give effect to the legislature's intent. Colo. Office of Consumer Counsel v. Pub. Utils. Comm'n, 42 P.3d 23, 27 (Colo.2002). We look first to the language of the statute, giving words and phrases their plain and ordinary meaning, and we interpret the statute in a way that best effectuates the purpose of the legislative scheme. In re Estate of Wiltfong, 148 P.3d 465, 468 (Colo.App. 2006).

I.
The nieces contend that, because Olson did not receive actual notice of the intestacy proceeding, the district court erred by determining that their petition to vacate the intestacy order was time barred. We remand for further proceedings to resolve this issue.
If notice of a hearing on any petition is required, the petitioner shall cause notice of the time and place of the hearing to be given to any interested person, the interested person's attorney of record, or the interested person's designee. Section 15-10-401.
"Interested person" includes heirs, devisees, children, spouses, creditors, beneficiaries, and any others having a property right in or claim against . . . the estate of a decedent . . . which may be affected by the proceeding. It also includes persons having priority for an appointment as a personal representative and other fiduciaries representing the interested person. The meaning as it relates to particular persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, any proceeding.

Section 15-10-201(27), C.R.S.2006 (emphasis added).
A formal testacy order, including an order finding that the decedent left no valid will and determining the decedent's heirs, is final as to all persons with respect to all issues concerning the decedent's estate that the court considered or might have considered incident to its rendition relevant to the question of whether the decedent left a valid will, and to the determination of heirs. Section 15-12-412(1), C.R.S.2006.
However, the court shall entertain a petition for modification or vacation of its order and probate of another will of the decedent if it is shown that the proponents of the later-offered will were unaware of the earlier proceeding and were given no notice thereof, except by publication. Section 15-12-412(1)(a), C.R.S.2006.
*164 A petition for vacating a formal testacy order must be filed within twelve months after the entry of the order sought to be vacated. Section 15-12-412(1)(c)(III), C.R.S. 2006.
Here, the order of intestacy was entered on March 19, 2004, and the nieces filed their motion to vacate almost seventeen months later on August 2, 2005. Nevertheless, the nieces argue that the statute of limitations should have been tolled because Olson did not receive notice required for devisees under the 1983 Will.
We agree that Olson was entitled to notice of the intestacy hearing, and on remand the trial court shall conduct an evidentiary hearing to determine whether Olson received such notice. However, because it is undisputed that Hill received notice pursuant to § 15-10-401, she is time barred under § 15-12-412(1)(c)(III) from challenging the intestacy order and cannot participate in Olson's petition to vacate the intestacy order. See § 15-12-412(1)(a), (c)(III); In re Cahoon's Estates, 102 Idaho 542, 633 P.2d 607, 611 (1981)(the formal process of probate is preceded by notice to all interested parties, and the determinations made are binding on notified parties).
It is undisputed that the 1983 Will was neither signed by two witnesses, as required by § 15-11-502(1), C.R.S.2006, for a validly executed will, nor in the testator's handwriting, as required by § 15-11-502(2), C.R.S. 2006, for a valid holographic will. However, to effectuate the intent of a decedent in the distribution of his or her property, § 15-11-503, C.R.S.2006, permits the probate of wills that are flawed in execution under § 15-11-502. In re Estate of Wiltfong, supra, 148 P.3d at 467-68. This provision allows proponents of a will to establish "by clear and convincing evidence that the decedent intended the will . . . to constitute . . . [t]he decedent's will." Section 15-11-503(1), C.R.S. 2006; see In re Estate of Wiltfong, supra, 148 P.3d at 468.
As a potential devisee under the 1983 Will, Olson was entitled, pursuant to § 15-10-401, to notice of the hearing during which the court determined its validity. Notice is especially important in this case because at the hearing Olson would have had the right, if she had chosen to exercise it, to attempt to establish by clear and convincing evidence that decedent intended the 1983 Will to be his will. See § 15-11-503.
We reject the intestacy heirs' argument that Olson was not entitled to notice because she was not a devisee under a valid will. At the time of the hearing, the court had yet to determine the validity of the 1983 Will. If Olson had been given notice of the hearing, the court might have determined the will was valid if she (1) met her burden to prove decedent's intent under § 1511503, and (2) overcame the presumption of revocation because the original could not be located. See In re Estate of Enz, 33 Colo.App. 24, 29, 515 P.2d 1133, 1136 (1973) (when a will, last seen in the possession of the decedent, cannot be found following his or her death, a presumption exists that the decedent destroyed the will with the intent to revoke it).
Moreover, such a hypertechnical argument is not supported by the statutory definition of "interested person." According to § 15-10-201(27), the meaning of "interested person" as it relates to particular persons may vary from time to time and "shall be determined according to the particular purposes of, and matter involved in, any proceeding." This definition was adopted verbatim from the Uniform Probate Code (UPC), which other jurisdictions have found applies to potential devisees. See In re Estate of Ivester, 168 Ariz. 323, 812 P.2d 1141, 1144 (Ct.App. 1991)(a devisee is an interested party entitled to notice); In re Holmes' Estate, 183 Mont. 290, 599 P.2d 344, 346 (1979) (named devisees are interested parties entitled to notice); In re Guardianship of Borowiak, 10 Neb.App. 22, 624 N.W.2d 72, 80 (2001) (allegation of status as a devisee is sufficient to be deemed an interested person); In re Estate of Lee, 130 N.M. 460, 26 P.3d 764, 766 (Ct.App.2001)(devisee under will found after another was introduced to probate is interested person); In re Estate of Hoffas, 422 N.W.2d 391, 395 (N.D.1988)(notice to every interested party is required prior to any formal hearing or order).
*165 The particular purpose of, and matter involved in, this proceeding is the determination of the validity of the 1983 Will. Not only is Olson an interested person based on her being a potential devisee, but she also is an interested person based on her right as a potential proponent of the 1983 Will to prove its validity under § 15-11-503. Therefore, she was entitled to notice of the proceeding.
If Olson did not receive the statutorily required notice, then the statute of limitations should have been tolled with respect to her claim. See In re Holmes' Estate, supra, 599 P.2d at 347 (Mont.1979) (statute of limitations tolled under state law because notice was not given to interested party); see also Hansen v. Lederman, 759 P.2d 810, 812 (Colo.App.1988)(statute of limitations tolled on plaintiff's fraud claim against partner until plaintiff's conversation with another partner gave plaintiff notice of facts which gave rise to his duty of reasonable inquiry).
Our conclusion is further supported by the comment to UPC § 3-403, which states, "Notice requirements extend also to persons named in a will that is known to the petitioners to exist, irrespective of whether it has been probated or offered for formal or informal probate, if their position may be affected adversely by granting of the petition." UPC § 3-403 comment (amended 1993), 8 U.L.A. 81.
Because the parties stipulated that Olson did not receive notice for the purposes of argument regarding the timeliness of her petition to vacate the order of intestacy, the court did not conduct an evidentiary hearing regarding whether Olson received notice. Thus, we must remand to the trial court to determine this issue.
If the court determines that Olson received notice as required by § 15-10-401, then the court shall reaffirm its order that the petition to vacate the order of intestacy is time barred under § 15-12-412(1)(c)(III), and further appellate review shall be limited to the court's ruling on notice.
However, if the court determines that Olson did not receive notice as required by § 15-10-401, then the petition to vacate the order of intestacy is not time barred under § 15-12-412(1)(c)(III), and the district court shall consider Olson's petition for probate of the 1983 Will.
We express no opinion on the potential merits of Olson's substantive arguments, and nothing in this opinion shall relieve her of the burden to prove the validity of the 1983 Will under § 15-11-503 and to overcome the presumption of revocation.
Accordingly, we conclude the trial court erred in denying the petition to vacate the intestacy order without holding an evidentiary hearing to determine whether Olson received actual notice of the proceeding.

II.
Finally, we deny both parties' request for their appellate attorney fees pursuant to C.A.R. 39.5.
In general, when the contest is narrowed to one of personal interest between parties interested in an estate, attorney fees are not allowed. In re Estate of Coors, 140 Colo. 343, 347, 344 P.2d 184, 186 (1959). No allowance may be made out of the estate of a deceased person for services of an attorney not employed by the personal representative of the estate when the services are rendered for the sole benefit of individuals, though interested in the estate. In re Estate of Coors, supra, 140 Colo. at 346-47, 344 P.2d at 185-86; In re Estate of Fryer, 874 P.2d 490, 492 (Colo.App.1994).
Here, decedent's siblings and nieces are contesting who is entitled to the estate proceeds, and their respective attorneys are not employed by the personal representative. See In re Estate of Coors, supra; In re Estate of Fryer, supra. Therefore, neither party is entitled to recover its appellate attorney fees from the estate.
The order is vacated, and the case is remanded for further proceedings consistent with this opinion.
Judge TAUBMAN and JUDGE WEBB concur.