**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ADAMS, State of Colorado, Plaintiff–Appellant,**

v.

**COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT, Defendant–Appellee,**

and

**Clean Harbors Deer Trail, L.L.C., a Colorado Limited Liability Company, Intervenor–Appellee.**

No. 06CA1255.

Colorado Court of Appeals, Div. V.

Oct. 4, 2007.

Lindquist & Vennum, P.L.L.P., Howard Kenison, Stuart N. Bennett, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, Jerry W. Goad, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Faegre & Benson, L.L.P., David W. Stark, Todd P. Walker, Amber Abbuhl, Denver, Colorado, for Intervenor–Appellee.

Opinion by Judge NEY.*

Plaintiff, the Board of County Commissioners of Adams County, appeals the trial court's order dismissing its claims against defendant, Colorado Department of Public Health and Environment (CDPHE), for lack of standing. We affirm.

## I. Background

Clean Harbors Deer Trail, L.L.C. is a hazardous waste disposal facility, which operates under a certificate of designation (CD) issued by Adams County. That CD, issued under the Hazardous Waste Siting Act, was initially approved in 1983, but was transferred and re-issued to Clean Harbors in 2004.

Under the CD application process, when an entity, such as Clean Harbors, wishes to operate a solid or hazardous waste disposal facility, it must first apply to the local board of county commissioners for a CD. §§ 25–15–202(1), 30–20–102 & –103, C.R.S.2007. The county then forwards the application to CDPHE, which is required to make various findings of fact on site approval. §§ 25–15–202(4)(c), 25–15–203, 30–20–103, C.R.S.2007. It is only after CDPHE makes those findings and recommends approval of the CD that the county may hold public hearings on the application and, thereafter, issue the CD. §§ 25–15–202(4)(c), 25–15–203, 30–20–103.

In 2005, CDPHE issued a license, pursuant to the Radiation Control Act, authorizing the receipt, possession, and disposal of certain low-level radioactive materials at Clean Harbors. Section 25–11–103(1)–(2), C.R.S. 2007, provide that CDPHE is the radiation control agency of the state, and gives it authority to issue licenses pertaining to radioactive materials. When a facility has been issued a hazardous waste CD, section 24–60–2207(1)(e), C.R.S.2007, also authorizes CDPHE to issue a license allowing disposal of low-level radioactive waste at that facility.

Asserting that CDPHE granted the license without first requiring Clean Harbors to apply for and obtain an appropriate CD, Adams County sought judicial review of the grant of the license. CDPHE filed a motion to dismiss, claiming Adams County lacked standing as a subordinate state agency. Clean Harbors then moved to intervene, joined CDPHE's motion, and filed its own motion to dismiss.

The trial court granted the motions and dismissed the claim, concluding Adams County lacked standing to seek judicial review of the license.

This appeal followed.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

## II. Constitutional and Prudential Standing

Adams County asserts that it established both constitutional and prudential standing to seek judicial review. The trial court dismissed only on prudential considerations. However, because Adams County also raised constitutional standing to the trial court and on appeal, we address both.

### A. Standing Generally

■ In order for a court to have jurisdiction over a dispute, the plaintiff must have standing to bring the case. *HealthONE v. Rodriguez,* 50 P.3d 879, 892 (Colo.2002). Standing is a threshold issue that must be satisfied in order to decide a case on the merits. *Ainscough v. Owens,* 90 P.3d 851, 855 (Colo.2004).

Colorado's standing requirement embraces both constitutional and prudential concerns. *City of Greenwood Village v. Petitioners for Proposed City of Centennial,* 3 P.3d 427, 436 (Colo.2000). The constitutional prong limits our inquiry to the resolution of actual controversies, while the prudential prong reflects considerations of judicial self-restraint. *Id.*

■ Because standing is a question of law, we review the issue de novo. *Ainscough v. Owens,* 90 P.3d at 857.

### B. Constitutional Standing

■ The constitutional standing requirements are set forth in the two-step test announced in *Wimberly v. Ettenberg,* 194 Colo. 163, 168, 570 P.2d 535, 539 (1977). First, the plaintiff must have suffered an injury-in-fact, and, second, this harm must have been to a legally protected interest as contemplated by statutory or constitutional provisions. *Id.; Ainscough v. Owens,* 90 P.3d at 855.

Here, Adams County asserts it has a legally protected interest in its zoning and land use authority, and that CDPHE circumvented that right by issuing the license.

■ Although we agree that Adams County has a legally protected right to govern the use of land within its boundaries and jurisdiction, *see* §§ 29–20–101 to—108, C.R.S.2007, we disagree that Adams County has a legally protected right in the license and, therefore, CDPHE's actions do not constitute injury-in-fact.

Interest in the license is statutorily vested solely in CDPHE. *See* § 25–11–103(1) ("[CDPHE] is designated as the radiation control agency of this state."); § 25–11–103(2) ("[CDPHE] shall issue licenses pertaining to radioactive materials.... No other agency or branch of this state shall have such power or authority."); *see also* § 25–15–301(1), C.R.S.2007 ("[CDPHE] shall be the entity in the state responsible for the regulation of hazardous waste management....").

Once Adams County issued the CD to Clean Harbors, authorizing a hazardous waste disposal facility be placed upon its land, CDPHE was then statutorily authorized to issue a license based upon that CD. At that point, any legally protected right Adams County may have had in the control of the land use was extinguished by virtue of its exercise of its statutory authority in issuing the CD.

In addition, Adams County's complaint did not seek enforcement or administration of its land use authority; rather, the complaint sought only judicial review of the license. Thus, because Adams County does not hold a legally protected interest in the license, and because the complaint seeks judicial review of the license—not review of Adams County's authority over land use—Adams County has not shown any injury-in-fact.

Accordingly, Adams County does not have constitutional standing.

### C. Prudential Standing

Nonetheless, Adams County contends it has prudential standing. Again, we disagree.

■ The prudential considerations follow "the general rule that counties do not have standing to obtain judicial review of a decision of a superior state agency." *Romer v. Bd. of County Comm'rs,* 956 P.2d 566, 573 (Colo.1998) (quoting *Maurer v. Young Life,* 779 P.2d 1317, 1324 (Colo.1989)). This rule exists so that courts do not unnecessarily intrude into matters which are more properly

committed to resolution in another branch of government. *Romer*, 956 P.2d at 573.

■ Where there is a dispute between two executive agencies, standing does not exist unless "the legislature has exercised its prerogative to grant to the subsidiary agency by 'an express statutory right' the ability to sue a superior agency." *Id.* Thus, if CDPHE is a superior agency, Adams County may not proceed against the state unless it has express statutory authority to do so.

### 1. Superior Agency

Adams County contends that dual authority exists in the statutes and that, because of this dual authority, it cannot be subordinate to CDPHE. We disagree, and conclude that based upon the applicable statutes, CDPHE has exclusive authority to regulate radioactive materials.

■ Here, under our reading of the applicable statutes, the authority vested in CDPHE is unambiguous. *See In re Estate of Wiltfong*, 148 P.3d 465, 468 (Colo.App. 2006) (we look first to the language of the statute, giving words and phrases their plain and ordinary meaning, and we interpret the statute in a way that best effectuates the purpose of the legislative scheme). The legislature has determined that CDPHE shall be the only agency within the state with the authority to regulate radioactive materials, and to issue applicable licenses. *See* § 25–11–103(1)–(2); *see also* § 25–15–301(1) ("[CDPHE] shall be the only agency in the state responsible for the regulation of hazardous waste management.").

The authority of Adams County in this context is limited to site or location approval. *See* § 25–15–202(5), C.R.S.2007 (issuance of a CD is conditioned upon review, approval, and findings of fact made by CDPHE); § 25–15–203(1)(a), C.R.S.2007 (CDPHE must review CD prior to board approval); § 30–20–104(3)(a), C.R.S.2007 (requiring review and approval before CD issues).

Adams County's authority is also limited under section 29–20–107, C.R.S.2007, which provides that "where other procedural or substantive requirements for the planning for or regulation of the use of land are provided by law, such requirements shall control." *See also Oborne v. Bd. of County Comm'rs*, 764 P.2d 397, 400 (Colo.App. 1988)("[T]his statute provides to a county no basis for disregarding a limitation upon its authority that is to be found in another statute.").

Adams County points to the holding of *Douglas County Board of Commissioners v. Public Utilities Commission*, 829 P.2d 1303 (Colo.1992), for the proposition that a county's land use authority gives it dual authority with CDPHE. We are not persuaded.

In *Douglas County*, a statutory provision *expressly limited* the commission's interference with the county's land use plan. *Id.* at 1310. Here, there is no such statutory provision expressly limiting CDPHE's authority over Adams County's land use. Nor is there a statutory provision that precludes CDPHE from issuing a license for radioactive disposal where a CD has been issued.

Accordingly, we conclude Adams County does not act on an equal, or dual authority, basis and, therefore, is subordinate to CDPHE regarding licensing of radioactive materials.

### 2. Express Statutory Authority

■ As a subordinate agency of the state, Adams County may seek judicial review of CDPHE's action only if the General Assembly so provided by express statutory authorization. *See Martin v. Dist. Court*, 191 Colo. 107, 109, 550 P.2d 864, 866 (1976).

We conclude that nowhere in the statutes is it evident that the legislature has expressly conferred on counties standing to sue CDPHE.

Adams County again points to *Douglas County* for the proposition that section 24–4–106(4), C.R.S.2007, provides a county express authority to seek judicial review. We do not agree.

In *Douglas County*, the court found that the applicable version of section 40–6–115(1), *when read in conjunction with* section 24–4–106(4), conferred *express* statutory authority upon the county to seek judicial review. *Douglas County*, 829 P.2d at 1310. Here,

there is no identifiable statute that, when read in conjunction with section 24–4–106(4), provides express authority for Adams County to seek judicial review.

Accordingly, we conclude that Adams County is a subordinate agency to CDPHE, and there is no explicit authority under any reading of the applicable statutes allowing Adams County to sue CDPHE. Therefore, we affirm the court's order dismissing the case for lack of standing.

In light of our conclusion that the court properly determined Adams County lacked standing, we need not address Adams County's claim that the court failed to consider the doctrine of preemption.

The order is affirmed.

Judge GRAHAM and Judge LOEB concur.